# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TAMI S. ELLINPORT,

      Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,

      Agency.

DOCKET NUMBER
NY-1221-17-0033-W-1

DATE: October 28, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jessica Buchser</u>, Huntington Station, New York, for the appellant.

<u>Michael J. Berger</u>, Esquire, Brooklyn, New York, for the agency.

<u>Steven A. Snyder</u>, Northport, New York, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal as settled. For the reasons

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2        The appellant, a WG-1 Housekeeping Aide, timely filed an IRA appeal alleging that she was reassigned to a different unit as a result of her whistleblowing activity concerning allegations of patient abuse by nursing staff. Initial Appeal File (IAF), Tab 1, Tab 5 at 7.  During the pendency of that appeal, the parties reached a settlement agreement, which provided that the appellant would withdraw her Board appeal in exchange for the agency paying her $5,000 within 60 days of the date of the settlement agreement, reassigning her to a GS-4 Medical Support Assistant position, and providing additional training to nursing staff regarding patient abuse.  IAF, Tab 17 at 4-6.[2]  The administrative judge then issued an initial decision dismissing the appellant's appeal as settled.  IAF, Tab 18, Initial Decision (ID) at 1-2.  Specifically, the administrative judge found that the Board had jurisdiction over the appellant's appeal, that the settlement agreement was lawful on its face, and that the parties freely entered into the agreement.  ID at 2; *see Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 10, 14-21 (2017) (noting that the Board will incorporate a settlement

---

[2] The initial decision dismissing the appellant's IRA appeal as settled and the compliance initial decision denying the appellant's petition for enforcement both state that the operative settlement agreement is located in the appeal file at Tab 16.  IAF, Tab 18, Initial Decision (ID) at 2; *Ellinport v. Department of Veterans Affairs*, MSPB Docket No. NY-1221-17-0033-C-1, Tab 7, Compliance Initial Decision at 1-4.  Tab 16 contains two different settlement agreements, each with different essential terms, and both of which are unsigned.  *Compare* IAF, Tab 16 at 2-4, *with id.* at 5-7.  Conversely, Tab 17 contains a settlement agreement that is identical to the latter of the two agreements found in Tab 16 but has a different date, and is signed and dated by both parties.  IAF, Tab 17 at 4-6.  Thus, it appears that the administrative judge intended to cite to Tab 17 as the enforceable agreement.  Any error in this misstatement was inadvertent and harmless and did not affect the outcome of the decision.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that was not prejudicial to a party's substantive rights provided no basis for reversal of an initial decision).

agreement into the record and enforce its terms if the parties intended that the agreement be enforced by the Board and the agreement is lawful on its face and was freely reached and understood by the parties). She therefore accepted the agreement into the record for enforcement purposes and dismissed the appeal. ID at 2.

¶3     The appellant subsequently sent a letter dated April 2, 2017, to the administrative judge, in which she argued that the agency breached the settlement agreement by paying the appellant the agreed-upon $5,000 amount by direct deposit into her bank account instead of by physical check, and stated that she wanted to "rescind" the settlement agreement, which the administrative judge docketed as a petition for enforcement. *Ellinport v. Department of Veterans Affairs*, MSPB Docket No. NY-1221-17-0033-C-1, Compliance File (CF), Tab 1. By decision dated May 25, 2017, the administrative judge denied the appellant's petition for enforcement, concluding that nothing in the agreement specified the manner by which the appellant would be paid, that she had not disputed that the agency was otherwise in compliance with the terms of the agreement, and therefore, that the agency had not breached the agreement. CF, Tab 7, Compliance Initial Decision (CID) at 4. As explained in greater detail below, the appellant did not file a petition for review of the compliance initial decision, and that decision became final on June 29, 2017. CID at 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4     On June 29, 2017, the appellant filed a pleading with the administrative judge bearing the docket number of both the initial appeal and the compliance matter. Petition for Review (PFR) File, Tab 1. The field office forwarded the matter to the Office of the Clerk of the Board (Clerk's Office), the Clerk's Office contacted the appellant by telephone regarding her submission, and the appellant confirmed that it was her intention that the filing be treated as a petition for review of the administrative judge's March 2, 2017 initial decision dismissing her

IRA appeal as settled.  PFR File, Tab 2 at 1.  The Clerk's Office documented this conversation as part of a July 13, 2017 notice to the appellant.[3]  *Id.*

¶5        In the July 13 notice, the Clerk's Office observed that the appellant's petition, which was postmarked June 29, 2017, was untimely filed, and instructed the appellant to file a motion requesting that the Board accept her petition as timely, or as untimely filed with good cause for the delay.  *Id.* at 2.  In response, the appellant submitted a narrative reply as well as U.S. Postal Service tracking information showing that the delivery of a document was unsuccessfully attempted at the Board's New York Field Office on April 5, 2017.  PFR File, Tab 3 at 1-4.  However, the document the appellant references in her motion is the letter she sent to the administrative judge dated April 2, 2017, which the administrative judge accepted and fully adjudicated as a petition for enforcement.  CF, Tab 1 at 3-4; CID.

¶6        The Board's regulations provide that a petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the party shows she received the initial decision more than 5 days after it was issued, within 30 days of her receipt of the decision.  5 C.F.R. § 1201.114(e).  The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the untimely filing.  *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 4 (2014); 5 C.F.R. § 1201.114(g).  The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Palermo*, 120 M.S.P.R. 694, ¶ 4.  To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and the party's showing of due diligence, whether she is proceeding pro se, and whether she has presented

---

[3] The notice informed the agency that it could respond to the appellant's submission. PFR File, Tab 2 at 1.  The agency has filed a response.  PFR File, Tab 4.  The appellant has not complained that the Clerk's Office mischaracterized her intentions in the notice.

evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition. *Id.*

¶7 The initial decision dismissing the appellant's IRA appeal as settled stated that the initial decision would become final on April 6, 2017, unless a petition for review was filed by that date. ID at 3. The initial decision also stated that if the initial decision was received more than 5 days after the date of issuance, a petition for review could be filed within 30 days after the date of receipt of the initial decision. *Id.* The initial decision also set forth the Office of the Clerk of the Board's mailing address for filing a petition for review and that a petition for review could be filed through the Board's e-Appeal system and by facsimile transmittal. *Id.* at 4. Despite these clear instructions, the appellant did not file her petition for review until June 29, 2017. PFR File, Tab 1.

¶8 As noted, the appellant filed her petition for review more than 2 months after the filing deadline. The Board has regularly held that a delay of over 2 months is not minimal, even when the appellant is proceeding pro se. *See, e.g.*, *Winfrey v. National Archives & Records Administration*, 88 M.S.P.R. 403, ¶ 6 (2001) (finding that a 48-day delay in filing a petition for review is not minimal and does not provide a basis for waiving the filing deadline); *Gaines v. U.S. Postal Service*, 96 M.S.P.R. 504, ¶ 7 (2004) (stating that a delay of 37 days is not minimal). Additionally, in her motion to accept the untimely filing, the appellant did not offer any explanation for the more than 2-month delay. PFR File, Tab 3 at 1-2.

¶9 Accordingly, we dismiss the petition for review as untimely filed without good cause shown for the delay. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the appellant's IRA appeal as settled.

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.